**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: ) | |
| ) | Case No. 14-36834 |
| BASIC FIRE PROTECTION, INC., ) | |
| ) | Chapter 11 |
| Debtor. ) | |
| ) | Hon. Pamela S. Hollis |
| ) | |
| ) | Hearing Date: February 24, 2015 at 10:30 a.m. |

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on February 24, 2015 at 10:30 a.m., the undersigned shall appear before the Honorable Pamela S. Hollis in Courtroom 644, or whomever may be sitting in her place and stead, at the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, 219 S. Dearborn Street, Chicago, Illinois and will then and there present the *First and Final Application for Compensation and Reimbursement of Expenses as Counsel for the Debtor by Freeborn & Peters LLP and Request for Shortened Notice*, a copy of which is attached hereto and herewith served upon you.

Dated: February 4, 2015                    **FREEBORN & PETERS LLP**

                                    By:    /s/ Brian J. Jackiw
                                           Counsel for the Debtor

                                           Thomas R. Fawkes (No. 6277451)
                                           Brian J. Jackiw (No. 6296807)
                                           FREEBORN & PETERS LLP
                                           311 South Wacker Drive, Ste. 3000
                                           Chicago, Illinois 60606-6677
                                           Telephone:  312.360.6000
                                           Facsimile:   312.360.6995

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: ) | |
| ) | Case No. 14-36834 |
| BASIC FIRE PROTECTION, INC., ) | |
| ) | Chapter 11 |
| Debtor. ) | |
| ) | Hon. Pamela S. Hollis |
| ) | |
| ) | Hearing Date: February 24, 2015 at 10:30 a.m. |

## CERTIFICATE OF SERVICE

I, Brian J. Jackiw, an attorney, hereby certify that on February 4, 2015, I caused a true and correct copy of the foregoing *Notice of Motion* and *First and Final Application for Compensation and Reimbursement of Expenses as Counsel for the Debtor by Freeborn & Peters LLP and Request for Shortened Notice*, to be filed with the Court and served upon the following parties by the manners listed.

/s/ Brian J. Jackiw

**Service List**

**CM/ECF Notice List**

Douglas R. Johnson    dj@illinoisattorney.com
Patrick S. Layng      patrick.s.layng@usdoj.gov

**U.S. Mail Notice List**

Bank of America
Attn: Bankruptcy Department
475 Cross Point Parkway/PO Box 9000
Getzville, NY 14068-9000

CBE Group
P.O. Box 2040
Waterloo, IA 50704

Charles D. Gray, Jr.
109 Brett Court
Manhattan, IL 60442

Charles D. Gray, Sr.
5401 Heatherbrook Trail
Monee, IL 60442

Chase Cardmember Services
P.O. Box 15153
Wilmington, DE 19886

Illinois Department of Revenue
P.O. Box 19035
Springfield, IL 62719

Illinois Department of Revenue
Bankruptcy Section
P.O. Box 64338
Chicago, IL 60664-0338

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

Internal Revenue Service
c/o V. Alexander
14479 S. John Humphrey Drive
Orland Park, IL 60462

JP Morgan Chase Bank, N.A.
Oswego Dominicks LPO
3010 W. Route 34
Oswego, IL 60543

JPMorgan Chase Bank, N.A., Attn: Jason Russell
P.O. Box 29550, AZ1-1024
Phoenix, AZ 85038

Michael Webster and Michael Boyter
Legacy Medical Imaging
4611 Fairlane Avenue
Fort Worth, TX 76119

Office of the U.S. Trustee
219 S. Dearborn St. Room 873
Chicago, IL 60604

Paul Frahm
41 Leisure Lane
Oswego, IL 60543

Tyco Fire Products, LP
One Stanton Street
Marinette, WI 54143-2542

William Dyrcz
Attorney at Law
1108 Plaza Drive
New Lenox, IL 60451

**IN UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: ) | |
| ) | Case No. 14-36834 |
| BASIC FIRE PROTECTION, INC., ) | |
| ) | Chapter 11 |
| Debtor. ) | |
| ) | Hon. Pamela S. Hollis |

**COVER SHEET**

NAME OF APPLICANT:   Freeborn & Peters LLP

ROLE IN CASE:   Attorneys for the Debtor

DATE OF ORDER AUTHORIZING EMPLOYMENT: November 4, 2014 retroactive to October 10, 2014

FEES AND EXPENSES PREVIOUSLY REQUESTED: None

CURRENT APPLICATION PERIOD ALLOWANCE: October 10, 2014 through January 20, 2015

FINAL PAYMENT REQUESTED PERIOD:   October 10, 2014 through January 20, 2015

FEES REQUESTED:       $22,687.50

EXPENSES REQUESTED:   $1,717.00

| Name of Professional | Type of Professional | Rate | Hours Billed | Total |
|---|---|---|---|---|
| Brian J. Jackiw | Attorney | $300.00 | 18.2 | $5,460.00 |
| Elizabeth L. Janczak | Attorney | $290.00 | 18.6 | $5,394.00 |
| Thomas R. Fawkes | Attorney | $535.00 | 12.1 | $6,473.50 |
| Jacqueline E. Hazdra | Paralegal | $200.00 | 16.8 | $3,360.00 |
| | | **TOTALS:** | **65.7** | **$20,687.50** |

Dated: February 4, 2015                            Freeborn & Peters LLP


                                                  By: /s/ Brian J. Jackiw
                                                       Counsel for Debtor

1

**IN UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: ) | |
| ) | Case No. 14-36834 |
| BASIC FIRE PROTECTION, INC.,[1] ) | |
| ) | Chapter 11 |
| Debtor. ) | |
| ) | Hon. Pamela S. Hollis |

**FIRST AND FINAL APPLICATION FOR COMPENSATION AND
REIMBURSEMENT OF EXPENSES AS COUNSEL FOR THE DEBTOR BY
FREEBORN & PETERS LLP AND REQUEST FOR SHORTENED NOTICE**

Freeborn & Peters LLP ("**Freeborn**"), attorneys for Basic Fire Protection, Inc. ("**Debtor**"), makes this First and Final Application for final allowance and payment of compensation for fees for services rendered and costs incurred for the period October 10, 2014 through and including January 20, 2015. Freeborn applies for compensation for fees for services rendered and costs incurred in this Chapter 11 proceeding and respectfully states as follows:

**INTRODUCTION**

1.  This application is filed pursuant to §§ 330 and 331 of Title 11 of the United States Code (the "**Bankruptcy Code**") and Bankruptcy Rule 2016 for professional services rendered to and on behalf of the Debtor. This is the first and final fee application filed by the attorneys for the Debtor.

2.  This case was commenced by the filing for relief pursuant to Chapter 11 of the Bankruptcy Code on October 10, 2014 (the "**Petition Date**"). No committee has been appointed.

3.  On October 22, 2014, the Debtor filed the *Debtor's Amended Combined Plan of Liquidation and Disclosure Statement dated October 22, 2014* (the "*Plan*").

4.  On November 4, 2014, the Court entered and Order authorizing the employment of Freeborn as counsel for the Debtor, retroactive to the Petition Date.

---

[1] The last four digits of the Debtor's federal employer identification number are 7319.

2

5. On December 9, 2014, the Court entered an order approving the adequacy of the disclosures in the Plan and confirming the Plan.

6. The Debtor closed the sale of its assets on January 20, 2015 at which point the Plan became effective.

7. By application, Freeborn and the Debtor seek allowance of $22,687.50 in fees and reimbursement of $1,717.00 in expenses incurred and paid by Freeborn on behalf of the Debtor the period of October 10, 2014 through and including January 20, 2015.

## REQUEST FOR ALLOWANCE OF COMPENSATION

8. All professional services for which allowance of compensation is requested were performed by Freeborn for and on behalf of the Debtor. This Application covers the allowance of compensation for professional services performed from October 10, 2014 through January 20, 2015. During this period, Freeborn rendered a total of 65.7 hours of professional services on behalf of the Debtor. The time spent by Attorneys and other professionals is as follows:

| Name of Professional | Type of Professional | Hours Worked |
|---|---|---|
| Brian J. Jackiw | Attorney | 18.2 |
| Elizabeth L. Janczak | Attorney | 18.6 |
| Thomas R. Fawkes | Attorney | 12.1 |
| Jacqueline E. Hazdra | Paralegal | 16.8 |

A complete accounting of the foregoing time is provided in Exhibit A.

## REQUEST FOR REIMBURSEMENT OF EXPENSES

9. Actual expenses advanced by Freeborn on behalf of the Debtor from October 10, 2014 through January 20, 2015 total $1,717.00. The expenses are itemized in detail on Exhibit A. The expenses were for the filing fee of this chapter 11 case.

## RETAINER AND COMPENSATION PREVIOUSLY RECEIVED

10. This is the First and Final Application for compensation filed by Freeborn. Prior to this First and Final Application, Freeborn received an advanced payment retainer of $5,000, which

3

was applied for work completed prepetition. Freeborn has not sought approval or payment for any other amounts.

### REQUEST FOR FINAL PAYMENT OF FEES

11. Freeborn seeks final payment of 100% of the allowed fees incurred from the Petition Date through the Effective Date (January 20, 2015) in the aggregate amount of $22,687.50 and 100% of the allowed expenses in the amount of $1,717.00, in accordance with the Confirmation Order.

12. Section 330(a) of the Bankruptcy Code provides, in pertinent part, that:

T]he court may award . . . reasonable compensation for actual, necessary services rendered by the . . . attorney and by any paraprofessional person . . . and . . . reimbursement for actual, necessary expenses. . . .  In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including – (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under [the Bankruptcy Code]; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and (E) whether the compensation is reasonable, based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

13. The Seventh Circuit Court of Appeals has stated that:

> The computation of hourly fees depends on the number of hours "reasonably" expended, the hourly rate of each [professional], the calculation of the time value of money (to account for delay in payment), potential increases and decreases to account for risk and the results obtained, and a complex of other considerations under the heading of "billing judgment."

4

*Kirchoff v. Flynn*, 786 F.2d 320, 325 (7th Cir. 1986). Additionally, other courts of appeal have recognized that:

> [I]t is important for the court to maintain a sense of overall proportion and not become enmeshed in meticulous analysis of every detailed facet of the professional representation. It is easy to speculate in retrospect that the work could have been done in less time or with fewer attorneys or with an associate rather than a partner. On the other hand, it is also possible that [the client] would not have enjoyed the success it did had its counsel managed matters differently.

*Boston and Main Corp. v. Moore*, 776 F.2d 2, 10 (1st Cir. 1985) (citations omitted).

14. In reviewing the Final Fee Application, the Court should be guided by the Seventh Circuit's instruction to ascertain whether such services were rendered and billed in accordance with the established market for legal services in similar matters:

> [I]t is not the function of judges in fee litigation to determine the equivalent of the medieval just price. It is to determine what the lawyer would receive if he was selling his services in the market rather than being paid by court order.

*In re Continental Illinois Securities Litigation*, 962 F.2d 566, 568 (7th Cir. 1992); *see Mann v. McCombs (In re McCombs)*, 751 F.2d 286, 288 (8th Cir. 1984) (section 330 "is meant to encourage high standards of professional legal practice in the bankruptcy courts. . . . Bankruptcy courts must consider whether the fee awards are commensurate with fees for professional services in non-bankruptcy cases, thus providing sufficient economic incentive to practice in bankruptcy courts.").

15. In *Continental Securities*, the Seventh Circuit found error in the lower court's practice of: (a) placing ceilings on the hourly rates of all lawyers; (b) refusing to allow paralegal services to be compensated at market rate; (c) refusing to award a risk multiplier; (d) making large across-the-board cuts in research time; (e) making large across-the-board cuts in conference time; and (f) refusing to allow attorneys to bill computerized legal research services (*e.g.*, LEXIS). *Continental Illinois Securities Litigation*, 962 F.2d at 568-70.

5

16. In evaluating the Final Fee Application, the Court should consider the novelty and difficulty of the issues presented, the skill required to perform the legal services properly, the preclusion of other employment caused by F&P's retention in this case, the customary fees charged in similar cases, the existence of time limits under which the services were rendered, the results obtained, the experience and ability of the attorneys involved, and the amount of awards of compensation in similar cases. *See In re Alberto*, 121 B.R. 531, 534 (Bankr. N.D. Ill. 1990).

17. Freeborn's hourly rates of compensation for those attorneys and para-professionals during the Fee Application Period range from $205 to $780 (however, no professional with an hourly rate in excess of $625 has performed services herein). Those rates are comparable to rates charged by other practitioners having the same amount of experience, expertise, and standing for similar services in this jurisdiction. F&P consistently and consciously made every reasonable effort to represent the Committee in the most economical, efficient, and practical manner possible.

## BILLING RATES

18. Primary counsel for the Debtor has been Brian J. Jackiw. The standard rates charged by Freeborn on routine, non-complicated matters, without considering the size and degree of responsibility, difficulty, complexity, and results achieved are as follows:

| Name of Professional | Type of Professional | Rate |
|---|---|---|
| Brian J. Jackiw | Attorney | $335.00 |
| Elizabeth L. Janczak | Attorney | $325.00 |
| Thomas R. Fawkes | Attorney | $575.00 |
| Jacqueline E. Hazdra | Paralegal | $225.00 |

19.     However, in an effort to minimize cost to the Debtor and effectuate an efficient consummation, Freeborn provided its services at a reduced rate as follows:

| Name of Professional | Type of Professional | Rate |
|---|---|---|
| Brian J. Jackiw | Attorney | $300.00 |
| Elizabeth L. Janczak | Attorney | $290.00 |
| Thomas R. Fawkes | Attorney | $530.00 |
| Jacqueline E. Hazdra | Paralegal | $200.00 |

20.     Based on such rates and the detail of time provided in Exhibit A, the value of the professional services rendered in this case on behalf of the Debtor during the time period of October 10, 2014 through January 20, 2015 is $20,687.50.

21.     The rates charged by Freeborn as set forth herein are customary for bankruptcy attorneys of similar skill and reputation.  For services of the type rendered herein where those services were performed for a private client, Freeborn would charge a reasonable fee for services rendered, on an hourly rate or, in addition, a contingent or fixed fee basis.  The fees requested by Freeborn are comparable to those fees which would be charged to a private client for similar services rendered by Freeborn.

22.      The rates charged by the participating attorneys and paraprofessionals, as set forth in the Exhibit are well within the range charged by attorneys of similar skill and reputation in the area of bankruptcy and commercial law.

## **SUMMARY OF SERVICES RENDERED**

23.     During this compensation period, on behalf of the Debtor, Freeborn performed the following services which materially benefited the Debtor's estate:

**A.     GENERAL**

Freeborn spent 23.7 hours at a cost of $7,219.50 on general matters.  This category primarily includes time spent reviewing incoming pleadings, correspondence, and notices, preparing for and attending Court hearings on general case matters, corresponding with parties-in-interest concerning

general case matters, and performing necessary administrative tasks typically associated with a debtor representation (including performing court filings, maintaining and updating dockets, calendars, and correspondence files, and retrieving necessary documents). Finally, this category includes matters which encompass more than one discrete category

B.   **SCHEDULES AND REPORTS**

Freeborn spent 4.1 hours at a cost of $1,188.00 on schedules and reports. This category primarily consists of time spent reviewing and analyzing the monthly operating reports filed by the Debtor in this case to ensure proper operations. Additional time was spent reviewing and analyzing and verifying the Debtor's schedules of assets and liabilities and statement of financial affairs.

C.   **PLAN AND DISCLOSURE STATEMENT**

Freeborn spent 25.9 hours at a cost of $8,470.00 on Plan and Disclosure Statement issues. This category primarily consists of time spent drafting, editing, and filing the joint Plan and Disclosure Statement in this matter. Time was also spent ensuring proper solicitation of the Plan and Disclosure Statement as well as assisting in the sale of the Debtor's assets and ultimate disposition of the case and closing the sale.

D.   **CLAIMS RECONCILIATION**

Freeborn spent 12.0 hours at a cost of $3,810.00 on Claims Reconciliation. This category primarily consists of working to determine the legitimacy of the claim filed by the Internal Revenue Service, reviewing records to determine that the IRS was incorrect, attempting to contact the IRS to resolve the issue, and ultimately determining that filing an objection was the easiest means to bring resolution to the matter. Time was also spent in conferring with the Debtor's principal and accountant to verify information and payment of taxes on an ongoing basis.

24.   Freeborn has rendered the appropriate, necessary services to the Debtor in this case. Exhibit A provides a detailed record of all of the services rendered by Freeborn.

**PROJECT SUMMARY**

25.     During the time relevant to this fee application, Freeborn has recorded the time spent by its attorneys and paralegals in four separate matters, based on the type of services provided, including General Bankruptcy Issues (23.7 hours), Schedules and Reports (4.1 hours), Plan and Disclosure Statement (25.9 hours), and Claims Reconciliation (12.0 hours). A detailed explanation of the services Freeborn performed within these matters is included on Exhibit A.

26.     The number of hours spent on each matter broken down by professional is as follows:

| Professional | General | Schedules and Reports | Plan and Disclosure Statement | Claims Reconciliation | TOTAL |
|---|---|---|---|---|---|
| Brian J. Jackiw | 7.1 | 0.0 | 8.2 | 2.9 | 18.2 |
| Elizabeth L. Janczak | 4.4 | 2.6 | 6.6 | 5.0 | 18.6 |
| Thomas R. Fawkes | 4.1 | 0.4 | 5.6 | 2.0 | 12.1 |
| Jacqueline E. Hazdra | 8.1 | 1.1 | 5.5 | 2.1 | 16.8 |
|  | **23.7** | **4.1** | **25.9** | **12.0** | **65.7** |

27.     The legal questions arising in the representation of the Debtor have been both novel and challenging. They required the exercise of skill application of the Bankruptcy Code provisions relating to the matters considered. In order to perform the legal services enumerated herein properly, substantive legal knowledge in the fields of bankruptcy, commercial law, litigation and debtor/creditor rights was required. Each of these matters was performed with the skill necessary to accomplish the result achieved.

28.     Freeborn is aware of no other specific employment which was precluded as a result of its accepting this case. However, the efforts of Freeborn were devoted to this case and Freeborn was unable to devote that time to other matters, therein preventing Freeborn from billing and collecting fees in other cases.

29. The matters set forth herein reflect the limitations imposed by the Debtor, the Bankruptcy Code and this Court in requiring Freeborn to act expeditiously to achieve the results sought by Freeborn and the Debtor.

30. The amount requested by Freeborn is not unreasonable in terms of awards in cases of like magnitude and complexity and the significant role that Freeborn played in drafting motions, attending hearings, amending orders after consultation with the United States Trustee's office, negotiating and objecting to the claim of the Internal Revenue Service; soliciting votes and appearing at the combined hearing on confirmation and adequacy of the disclosure statement. The fees requested by Freeborn comport with the mandate of the Bankruptcy Code, which directs that services be evaluated in the light of comparable services performed in bankruptcy cases in the community.

31. Lastly, Freeborn requests approval of fees of $2,000.00 above and beyond the fees incurred as of January 20, 2015. Freeborn has not included any time for drafting this fee application and Freeborn is continuing to finalize this bankruptcy case, including objecting to the claim of the IRS, distributing payments according to the Plan, and ensuring this case has a final decree. Accordingly, Freeborn requests final approval of a $2,000 payment.

**RESULTS ACHIEVED**

32. Freeborn has achieved significant results for its client through these proceedings. Freeborn has helped the Debtor collapse, sell its business to a company that will continue to perform the work and employ at least some of the employees from the Debtor, and moreover, confirm a chapter 11 plan that can be completed in short order.

**NOTICE**

33. Notice of this Application is being provided electronically to all parties who have requested electronic notice and by U.S. Mail to the Debtor, the U.S. Trustee's Office, and all

creditors on the creditors' matrix. Since this is a final application, the Debtor requests that notice heretofore provided is deemed adequate under the circumstances.

34. The Debtor also submits this on twenty-days' notice and requests that this Court allow for a shortened notice period.

**WHEREFORE,** Freeborn seeks the final allowance of $22,687.50 for services provided and $1,717.00 for expenses incurred between October 10, 2014 and January 20, 2015; final payment in the amount of $24,404.50 consisting all fees and expenses requested herein; and for such other relief as this Court deems just and appropriate.

Dated: February 4, 2015  **FREEBORN & PETERS LLP**

By: /s/ Brian J. Jackiw
Counsel for the Debtor

Thomas R. Fawkes (No. 6277451)
Brian J. Jackiw (No. 6296807)
FREEBORN & PETERS LLP
311 South Wacker Drive, Ste. 3000
Chicago, Illinois 60606-6677
Telephone: 312.360.6000
Facsimile: 312.360.6995