**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: ) | |
| ) | Case No. 14-36834 |
| BASIC FIRE PROTECTION, INC., ) | |
| ) | Chapter 11 |
| Debtor. ) | |
| ) | Hon. Pamela S. Hollis |
| ) | |
| ) | Hearing Date: February 24, 2015 at 10:30 a.m. |

**NOTICE OF MOTION**

PLEASE TAKE NOTICE that on February 24, 2015 at 10:30 a.m., the undersigned shall appear before the Honorable Pamela S. Hollis in Courtroom 644, or whomever may be sitting in her place and stead, at the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, 219 S. Dearborn Street, Chicago, Illinois and will then and there present the *Motion for Final Decree Pursuant to Section 350(a) and Bankruptcy Rule 3022*, a copy of which is attached hereto and herewith served upon you.

Dated: February 4, 2015          **BASIC FIRE PROTECTION, INC.**

By: /s/ Elizabeth L. Janczak
  Its Counsel

Thomas R. Fawkes
Brian J. Jackiw
Elizabeth L. Janczak
FREEBORN & PETERS LLP
311 South Wacker Drive, Suite 3000
Chicago, Illinois 60606
Telephone: 312-360-6000
Facsimile: 312-360-6520

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Case No. 14-36834 |
| BASIC FIRE PROTECTION, INC., ) | |
| ) | Chapter 11 |
| Debtor. ) | |
| ) | Hon. Pamela S. Hollis |
| ) | |
| ) | Hearing Date: February 24, 2015 at 10:30 a.m. |

## CERTIFICATE OF SERVICE

I, Elizabeth L. Janczak, an attorney, hereby certify that on February 4, 2015, I caused a true and correct copy of the foregoing *Notice of Motion* and *First and Motion for Final Decree Pursuant to Section 350(a) and Bankruptcy Rule 3022*, to be filed with the Court and served upon the following parties by the manners listed.

                                                                               /s/ Elizabeth L. Janczak

## Service List

### CM/ECF Notice List

Douglas R. Johnson    dj@illinoisattorney.com
Patrick S. Layng       patrick.s.layng@usdoj.gov

### U.S. Mail Notice List

Bank of America
Attn: Bankruptcy Department
475 Cross Point Parkway/PO Box 9000
Getzville, NY 14068-9000

CBE Group
P.O. Box 2040
Waterloo, IA 50704

Charles D. Gray, Jr.
109 Brett Court
Manhattan, IL 60442

Charles D. Gray, Sr.
5401 Heatherbrook Trail
Monee, IL 60442

Chase Cardmember Services
P.O. Box 15153
Wilmington, DE 19886

Illinois Department of Revenue
P.O. Box 19035
Springfield, IL 62719

Illinois Department of Revenue
Bankruptcy Section
P.O. Box 64338
Chicago, IL 60664-0338

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

Internal Revenue Service
c/o V. Alexander
14479 S. John Humphrey Drive
Orland Park, IL 60462

JP Morgan Chase Bank, N.A.
Oswego Dominicks LPO
3010 W. Route 34
Oswego, IL 60543

JPMorgan Chase Bank, N.A., Attn: Jason Russell
P.O. Box 29550, AZ1-1024
Phoenix, AZ 85038

Michael Webster and Michael Boyter
Legacy Medical Imaging
4611 Fairlane Avenue
Fort Worth, TX 76119

Office of the U.S. Trustee
219 S. Dearborn St. Room 873
Chicago, IL 60604

Paul Frahm
41 Leisure Lane
Oswego, IL 60543

Tyco Fire Products, LP
One Stanton Street
Marinette, WI 54143-2542

William Dyrcz
Attorney at Law
1108 Plaza Drive
New Lenox, IL 60451

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: ) | |
| ) | Case No. 14-36834 |
| BASIC FIRE PROTECTION, INC., ) | |
| ) | Chapter 11 |
| Debtor. ) | |
| ) | Hon. Pamela S. Hollis |
| ) | |

**MOTION FOR FINAL DECREE PURSUANT TO**
**SECTION 350(a) AND BANKRUPTCY RULE 3022**

Basic Fire Protection, Inc. (the "*Debtor*"), as debtor and debtor in possession, by and through its attorneys, hereby moves (the "*Motion*"), pursuant to 11 U.S.C. § 350(a) and Rule 3022 of the Federal Rules of Bankruptcy Procedures (the "*Bankruptcy Rules*") for the entry of a final decree ("*Final Decree*") closing this Chapter 11 case. In support of this Motion, the Debtor states as follows:

1. On October 10, 2014 (the "*Petition Date*"), the Debtor filed a voluntary petition for relief under Chapter 11 of title 11 of the United States Code (the "*Bankruptcy Code*").

2. On October 22, 2014, the Debtor filed the *Debtor's Amended Combined Plan of Liquidation and Disclosure Statement dated October 22, 2014* (the "*Plan*").

3. On December 9, 2014, the Court entered an order (the "*Confirmation Order*") approving the adequacy of the disclosures in the Plan and confirming the Plan.

4. On January 20, 2015, the Debtor closed the sale of substantially all of its assets to Phoenix Fire Systems, Inc. ("*Phoenix*") for the amount of $270,000. The Plan became effective that same date.

5. On or about January 28, 2015, the Debtor made distributions to Class 1 and Class 2 claimants in full satisfaction of their claims. The Debtor holds the remaining proceeds of the sale for distribution to the remaining creditors in accordance with the terms of the Plan.

## RELIEF REQUESTED

6. By this Motion, the Debtor seeks entry of an order for Final Decree closing the Debtor's chapter 11 case.

7. Section 350(a) provides that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case." 11 U.S.C. § 350(a).

8. Bankruptcy Rule 3022, which implements section 350 of the Bankruptcy Code, further provides that "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." Fed. R. Bankr. P. 3022.

9. The term "fully administered" is not defined in the Bankruptcy Code or the Bankruptcy Rules. The Advisory Committee Note to Bankruptcy Rule 3022, however, sets forth the following non-exclusive factors to be considered in determining whether a case has been fully administered:

    (a) Whether the order confirming the plan has become final;

    (b) Whether deposits required by the plan have been distributed;

    (c) Whether the property proposed by the plan to be transferred has been transferred;

    (d) Whether the debtor or its successor has assumed the business or the management of the property dealt with by the plan;

    (e) Whether payments under the plan have commenced; and

    (f) Whether all motions, contested matters, and adversary proceedings have been finally resolved.

Courts have affirmed its adoption of the view that "these factors are but a guide in determining whether a case has been fully administered, and not all factors need to be present before the case is closed. *In re Mold Makers, Inc.*, 124 B.R. 766, 768-69 (Bankr. N.D. Ill. 1990); *see also In re Kliegel Bros. Universal Elec. Stage Lighting Co., Inc.*, 238 B.R. 531, 542 (Bankr. E.D.N.Y. 1999) (recognizing that bankruptcy courts weigh factors contained in the Advisory Committee Note when deciding whether to close a case); *In re Jay Bee Enters., Inc.*, 207 B.R. 536, 538 (Bankr. E.D. Ky 1997) (same); *Walnut Assocs. v. Saidel*, 164 B.R. 487, 493 (E.D. Pa. 1994) ("[A]ll of the factors in the Committee Note need not be present before the Court will enter a final decree).

10. The factors set forth in the Advisory Committee Note weigh in favor of an entry of Final Decree. First, the Court has entered the Confirmation Order confirming the Plan which is final and non-appealable.

11. Second, the Debtor has commenced Plan payments as a result of the sale of the Debtor's assets. Specifically, in accordance with Local Rule 3022-1, the status of payments to each class under the Plan is as follows:

| Class | Status |
|---|---|
| Class 1 (Allowed Secured Claims) | Paid in full |
| Class 2 (Allowed Priority Tax Claims) | Paid in full |
| Class 3 (General Unsecured Claims) | Awaiting final distribution |
| Class 4 (Equity Securities) | Will receive no distribution |

12. Third, all of the Debtor's property has been transferred pursuant to the terms of the Plan and Phoenix has taken over possession and control of the Debtor's assets and is operating the Debtor's former business.

13. Finally, but for the Debtor's counsel's professional fee application and the Debtor's objection to the proof of claim filed by the Internal Revenue Service, which are both set for hearing on the same date as this Motion, all motions, contested matters, and adversary proceedings have been resolved.

14. Accordingly, the Debtor submits that Court should enter a Final Decree closing this Chapter 11 case because the Debtor's estate has been administered and the Plan has been substantially consummated.

## NOTICE

15. In accordance with Local Rule 3022-1, the Debtor shall give notice of this Motion to the United States Trustee and all creditors.

**WHEREFORE**, the Debtor requests the entry of an order: entering a Final Decree and closing this chapter 11 case, and granting such other and further relief as is just and to which the Debtor may be entitled under the circumstances.

Dated: February 4, 2015                                **BASIC FIRE PROTECTION, INC.**

By: /s/ Elizabeth L. Janczak
    Its Counsel

Thomas R. Fawkes
Brian J. Jackiw
Elizabeth L. Janczak
FREEBORN & PETERS LLP
311 South Wacker Drive, Suite 3000
Chicago, Illinois 60606
Telephone:  312-360-6000
Facsimile:  312-360-6520

4